UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER BRATTAIN,

    Defendant.
_____/

No. 1:06-CR-293

Hon. Robert Holmes Bell
Chief, U.S. District Judge

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States of America, by and through its attorneys, Brian K. Delaney, United States Attorney for the Western District of Michigan, and Elisa Castrolugo, Assistant United States Attorney, and files its Sentencing Memorandum.

In the instant case, the defendant has raised numerous objections to the Presentence Investigation Report ("PSR"), including objections to the recommendation for a two-level sentencing enhancement pursuant to Section 2A3.1(b)(3) of the United States Sentencing Guidelines ("USSG") and a five-level sentencing enhancement pursuant to Section 4B1.5(b)(1). The Government agrees with the probation officer's sentence recommendation as contained in the PSR.

**BACKGROUND**

Defendant Christopher Brattain pled guilty to Count One of a two-count Indictment, charging him with Aggravated Sexual Abuse of a Minor, in violation of Title 18, United States Code, Section 2241(c). The statutory maximum sentence for this charge is life imprisonment, a life period of supervised release, a $250,000 fine, and a mandatory special assessment of $100. Pursuant to the PSR, the defendant's total offense level is 38, which includes a two-level enhancement under USSG

§ 2A3.1(b)(3)(A) and a five-level enhancement under USSG § 4B1.5(b)(1). Section 2A3.1(b)(3)(A) of the Sentencing Guidelines applies where, as here, the victim of the criminal sexual abuse was in the "custody, care or supervisory control" of the defendant. Section 4B1.5(b), in turn, applies where the defendant engaged in a pattern of prohibited criminal sexual conduct. In the instant case, both of these sentencing enhancements are appropriate because the defendant engaged in prohibited sexual conduct with his minor daughter, who lived with him and trusted him, a number of times from the time she was 3 years old up to the age of 10.

In his March 14, 2007 letter to Probation Officer Lori Hodel, defense counsel objects to the application of USSG § 2A3.1(b)(3)(A) and the two-level enhancement, arguing that the enhancement does not apply to natural parents. Defense counsel also objects to the application of the five-level enhancement set forth in USSG § 4B1.5(b) on the ground that the defendant is at low risk of recidivism, which is the problem Congress intended to address. The Government disagrees. First, no reasonable interpretation of the phrase "in the custody, care, or supervisory control" would exclude the reach of this enhancement to natural parents. Second, contrary to defense counsel's contention, there is some indication that the defendant is a pedophile, rather than merely a "situational" sex offender, who will pose a threat to society, specifically minors, when released from custody.

## ARGUMENT

**A.   The Phrase "In the Custody, Care, or Supervisory Control" Encompasses Natural Parents.**

In interpreting the Sentencing Guidelines, courts must examine the plain language contained in the Guidelines themselves and treat the commentary to the Guidelines as authoritative. *United*

*States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005). Section 2A3.1(b)(3)(A) provides for a two-level enhancement if the victim of the criminal sexual abuse was in the custody, care, or supervisory control of the defendant. *See* USSG § 2A3.1(b)(3)(A). Application Note 3 indicates that subsection (b)(3) is to be construed broadly and that courts should look to the *actual* relationship that existed between the defendant and the victim and not solely at the legal status of that relationship. *See* USSG § 2A3.1, comment. (n.3). The background notes for § 2A3.1 further explain that "[w]hether the custodial relationship is temporary or permanent, the defendant in such a case is a person the victim trusts *or* to whom the victim is entrusted." *See* USSG § 2A3.1, comment. (backg'd) (emphasis added).

The language of (and the commentary to) § 2A3.1(b)(3)(A) leave no doubt that it was intended to apply to natural parents. First, the application note counsels that subsection (b)(3) is to be construed broadly. Second, the application note directs the courts to look beyond the legal status of the defendant-minor relationship. The application note thus implicitly includes within its reach those defendant-minor relationships that are conferred legal status, such as the parent-child relationship. Lastly, the background notes explain that a custodial relationship exists where the defendant is someone the victim trusts or to whom the victim is entrusted. Such is the case here. It is undisputed that "Jane Doe," as Defendant Brattain's live-in minor daughter, trusted her father at all times during the relevant period. Moreover, any broad definition of "care, custody and control" must include a parent-child relationship where the parent and minor child live under the same roof and where the parent exercises control over the child.

In his letter, defense counsel claims that the § 2A3.1(b)(3)(A) enhancement has not been applied to cases involving natural parents. Defense counsel is mistaken. At least three federal courts

3

have applied this two-level enhancement in cases involving fathers sexually abusing their own biological daughters. In *United States v. Boneshirt*, 86 Fed. Appx. 218 (8th Cir. Dec. 22, 2003) (unpublished), the Eighth Circuit affirmed a district court's sentence of 180 months for a defendant convicted of incest in Indian country.[1] The sentencing court applied the two-level enhancement set forth in § 2A3.1(b)(3)(A) concluding that the victim, the defendant's three-year-old biological daughter, had been in the defendant's "care, custody, and control." *See id*. at 218-19. *See also United States v. Bruguier*, 161 F.3d 1145, 1148, 1153 (8th Cir.1998) (two-level enhancement applied where defendant convicted of aggravated sexual abuse of his 17-month-old daughter). Similarly, in *United States v. Passi*, 62 F.3d 1278, 1281 (10th Cir. 1995), the two-level enhancement was applied where the defendant had pled guilty to sexually abusing his 13-year-old biological daughter.

Defendant's narrow interpretation of § 2A3.1(b)(3)(A) appears unsupported by case law. No federal court has held that the two-level enhancement is inapplicable in situations involving natural parents. To the contrary, in at least two of the cases cited by defense counsel, *United States v. Miller*, 293 F.3d 468 (8th Cir. 2002) and *United States v. Castro-Romero*, 964 F.2d 942 (9th Cir. 1992), the reasoning of the sentencing courts was based at least in part on the fact that the victim considered the defendant a "father figure," *see Miller*, 293 F.3d at 472, and/or referred to him as "Dad" or "daddy," *see id.* at 471; *see Castro-Romero*, 964 F.2d at 944. The fact that both of these courts gave weight to the father-daughter-like relationship between the defendants and the minor victims undermines defense counsel's argument that this two-level enhancement was not intended

---

[1] The unpublished Eighth Circuit decision in *United States v. Boneshirt*, 86 Fed. Appx. 218, has been attached as Exhibit A.

to apply to natural parents, who are generally presumed by the law to be in a custodial relationship with their minor children.

**B.      The Repeat and Dangerous Sex Offender Enhancement Is Appropriate Because The Defendant Presents a Continuing Danger to the Public.**

Section 4B1.5 provides for a five-level enhancement where the instant offense of conviction is a "covered sex crime," such as aggravated sexual abuse of a minor, and where the defendant engaged in a pattern of activity involving prohibited sexual conduct. *See* USSG § 4B1.5(b)(1). Here, Defendant Brattain stands convicted of aggravated sexual abuse of a minor, a "covered sex crime," as defined in Application Note 2 to § 4B1.5(b)(1). As the PSR illustrates, Defendant Brattain engaged in prohibited sexual conduct with his minor daughter, "Jane Doe," in a number of occasions other than the instant offense. *See* PSR ¶¶19-21. As such, Defendant Brattain qualifies as a "Repeat and Dangerous Sex Offender" for purposes of the Guidelines.

Defense counsel claims, however, that application of this enhancement to Defendant Brattain is improper because the enhancement was aimed to deter recidivism and offenders who will continue to pose a threat to society when released. Defense counsel argues that Defendant Brattain does not pose a threat to society and is unlikely to recidivate because his only victim was "Jane Doe," not any of his other children or other children in general. While there is no indication that Defendant Brattain sexually abused any other children, the Government considers him a threat to minor children if released.

During his confession to law enforcement, Defendant Brattain admitted turning to "cartoon sex" and literature to "appease" his sexual tendencies during a period of time he abstained from sexually abusing "Jane Doe." *See* PSR ¶19. A forensic examination of Defendant Brattain's

personal computer revealed Defendant Brattain's visits to a pornographic website depicting young children engaged in sexual activities.  *See* PSR ¶14.  Defendant Brattain's interest in child pornography, together with the sexual abuse of his own daughter, suggests that he is a pedophile who, if released, will pose a threat to other children.

## CONCLUSION

The Presentence Investigation Report in this matter fairly and accurately represents the nature and circumstances of the offense with a total offense level computation of 38.  The victim of the instant offense, the defendant's biological daughter, was in Defendant Brattain's "custody, care, [and] supervisory control" at the time of the offense as set forth in USSG § 2A3.1(b)(3).  In addition, because Defendant Brattain engaged in a pattern of prohibited sexual conduct with a minor, he should be considered a repeat and dangerous sex offender against minors as defined in USSG § 4B1.5(b).  The Government submits that a sentence within the guidelines of 235 to 293 months would be fair, just and reasonable.

Respectfully submitted,

BRIAN K. DELANEY
United States Attorney

Dated: April 10, 2007

 /s/ Elisa Castrolugo
ELISA CASTROLUGO
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404