86 Fed.Appx. 218                                                                                          Page 1
86 Fed.Appx. 218, 2003 WL 22998095 (C.A.8 (S.D.))
**(Cite as: 86 Fed.Appx. 218)**

Briefs and Other Related Documents

U.S. v. BoneshirtC.A.8 (S.D.),2003.This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Eight Circuit Rule 28A(i). (FIND CTA8 Rule 28A.)

United States Court of Appeals,Eighth Circuit.
UNITED STATES of America, Appellee,
v.
Wilson BONESHIRT, Appellant.
**No. 03-1060.**

Submitted Nov. 19, 2003.
Decided Dec. 22, 2003.

**Background:** Defendant pleaded guilty, in the United States District Court for the District of South Dakota, Charles B. Kornmann, J., to incest occurring in Indian country and as defined by South Dakota law. Defendant appealed.

**Holding:** The Court of Appeals held that sentencing court properly departed upward on basis of aggravating circumstances, unusually heinous and brutal conduct, and the inadequacy of defendant's criminal history category.

Affirmed.

Lay, Circuit Judge, concurred only in result.
West Headnotes
**Sentencing and Punishment 350H 825**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(F) Departures
         350HIV(F)2 Upward Departures
            350Hk818 Offense-Related Factors
               350Hk825 k. Excessive Force, Brutality, Extreme Conduct. Most Cited Cases

**Sentencing and Punishment 350H 841**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(F) Departures
         350HIV(F)2 Upward Departures
            350Hk841 k. Inadequacy of Criminal History Category. Most Cited Cases

District court, at sentencing for incest occurring in Indian country, properly departed upward on basis of aggravating circumstances of kind or degree not taken into consideration by Sentencing Commission, unusually heinous, cruel, brutal, or degrading conduct, and the inadequacy of defendant's criminal history category; after fathering a daughter during a prior relationship with a minor, defendant committed acts which included sexually penetrating his three-year-old daughter, making her scream again and again, and repeatedly ejaculating on her. 18 U.S.C.A. § 1153; U.S.S.G. §§ 4A1.3, p.s., 5K2.0, p.s., 5K2.8, p.s., 18 U.S.C.A.

Appeal from the United States District Court for the District of South Dakota.

Randolph John Seiler, U.S. Attorney's Office, Pierre, SD, for Plaintiff-Appellee.
Wilson Boneshirt, pro se, Leavenworth, KS, Defendant-Appellant.
Jana M. Miner, Edward G. Albright, Federal Public Defender's Office, Pierre, SD, for Defendant-Appellant.

Before MURPHY, LAY, and FAGG, Circuit Judges.

[UNPUBLISHED]
PER CURIAM.
**\*\*1** Wilson Boneshirt appeals his sentence of 180 months imprisonment imposed by the district courtFN\* after Boneshirt pleaded guilty to one count of incest, in violation of 18 U.S.C. § 1153, and as defined by South Dakota law. For reversal, Boneshirt argues the district court abused its discretion in departing upward from the imprisonment range under the Sentencing Guidelines, and relied on factors already taken into consideration by the Sentencing Commission. We disagree.

> FN\* The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

EXHIBIT A

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Boneshirt has an earlier conviction for sexual abuse of a minor. His relationship with the minor produced a child, the victim in this case. When Boneshirt was released from custody on the earlier conviction, he and the victim's mother resumed a relationship. Their child, a girl, was then *219 three years old. She was later removed from her parents' care, and an investigation revealed Boneshirt had committed acts which included sexually penetrating his three-year-old daughter, making her scream again and again, and repeatedly ejaculating on her. At sentencing, to Boneshirt's base offense level of 27 for criminal sexual abuse-the most analogous offense guideline for incest, *see* U.S.S.G. § 2X5.1-four levels were added because the victim was under twelve years old, and another two levels were added because the victim was in Boneshirt's care, custody, and control. *See* U.S.S.G. § 2A3.1(a) & (b). After additional adjustments, a total offense level of 30 and a category III criminal history resulted in a sentencing range of 121 to 151 months imprisonment.

The district court then determined an upward departure was warranted and increased Boneshirt's criminal history category by two categories, resulting in a sentencing range of 151 to 188 months. In departing, the district court relied on U.S.S.G. §§ 5K2.0 (aggravating circumstances of kind or degree not taken into consideration by Sentencing Commission in formulating Guidelines), 5K2.8 (extreme conduct by defendant that was unusually heinous, cruel, brutal, or degrading to victim), and 4A1.3 (criminal history category that does not adequately reflect seriousness of defendant's past criminal conduct or likelihood defendant will commit other crimes). Reviewing the district court's application of the guidelines to the facts de novo, *United States v. Hutman,* 339 F.3d 773, 775 (8th Cir.2003), we conclude the district court properly departed given the facts of this case. *See United States v. Hampton,* 260 F.3d 832, 835-36 (8th Cir.2001) (upholding six-level upward departure as within sentencing court's discretion under U.S.S.G. § 5K2.3 or § 5K2.8 based in part on four-year-old victim's psychological injury), *cert. denied,* 535 U.S. 1058, 122 S.Ct. 1919, 152 L.Ed.2d 828 (2002).

Accordingly, we affirm.

LAY, Circuit Judge, concurs only in the result.
C.A.8 (S.D.),2003.
U.S. v. Boneshirt
86 Fed.Appx. 218, 2003 WL 22998095 (C.A.8 (S.D.))

Briefs and Other Related Documents (Back to top)

• 03-1060 (Docket) (Jan. 08, 2003)

END OF DOCUMENT

EXHIBIT A

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.