UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER BRATTAIN,

        Defendant.
_____/

Case No. 1:06-CR-293-01

Hon. Robert Holmes Bell
United States District Judge

## RESENTENCING MEMORANDUM

Defendant Christopher Brattain, by and through his attorney Federal Public Defender Ray Kent, respectfully submits this Resentencing Memorandum for the Court's consideration prior to resentencing on November 21, 2008, at 1:30 p.m.

### BACKGROUND

On August 9, 2006, a two-count indictment was filed against Mr. Brattain in the U.S. District Court for the Northern District of Texas, charging Mr. Brattain with aggravated sexual abuse of a minor and abusive sexual contact, in violation of 18 U.S.C. §§ 2241(c) and 2244. Mr. Brattain was living in Michigan with his mother and was arrested and taken into custody in this District on September 21, 2006. A Consent to Transfer of Case for Plea and Sentence was filed in this District on November 30, 2006, and a Rule 5 hearing was subsequently held. Mr. Brattain pleaded guilty to the first count of the indictment before U.S. Magistrate Judge Ellen S. Carmody on January 8, 2007.

This Court imposed a sentence of 144 months custody and 10 years of supervised release on April 17, 2007. This sentence was based on a final advisory guideline sentencing range of 135 to

168 months, a range based on an offense level of 33 and a criminal history category of I. The government appealed this sentence. The Sixth Circuit considered the appeal and found that the sentencing enhancement found in U.S.S.G. Section 4B1.5(b)(1) could be applied in Mr. Brattain's case to enhance his offense level, even though there was only one victim. *United States v. Brattain*, 539 F.3d 445, 447–48 (6th Cir. 2008).

In remanding this case to this Court for resentencing, the Sixth Circuit emphasized that "we think it is important to note that while the district court made one error in calculating the guidelines, the district court should remain mindful that the sentencing guidelines are merely advisory." *Id.* at 448. This Court made that point clear to the Government at least twice during the sentencing colloquy when the Government announced its intention to appeal the sentence. *See* Sentencing Transcript, at 14. "I think the law is that I have discretion, but okay." *Id.* And again, "You understand that the Court has sentenced discretionarily within the statutory provisions . . . ?" *Id.* at 29.

The Circuit expressly acknowledged this Court's discretion when it said that "[t]he guidelines provide a requisite starting point in any sentencing determination, but they are not determinative of a district court's ultimate decision when sentencing a defendant." *Id.* at 448–49. Indeed, the Circuit implicitly approved the 144-month sentence this Court imposed, when it found that "the district court correctly applied the § 3553(a) factors and gave more than adequate reasoning in support of Brattain's sentence. **The same detailed application of the § 3553(a) factors and explicit reasoning in support of the sentence will hopefully be repeated on remand.**" *Id.* at 449 (emphasis added).

DISCUSSION

This finding by the Circuit regarding this Court's application of the § 3553(a) factors demonstrates that the Circuit considers the original sentence reasonable and based on sufficient support. Mr. Brattain's activities since the original sentencing only affirm that his original sentence was appropriate and sufficient. As this Court is well aware, the Court's charge is to impose a sentence "sufficient, but not greater than necessary," to serve the purposes of sentencing found in § 3553(a), a charge given in *United States v. Booker*, 543 U.S. 220 (2005). In his original Sentencing Memorandum, Mr. Brattain outlined the § 3553(a) factors. Mr. Brattain incorporates that discussion into this current memorandum by reference and will not repeat it here. Rather, Mr. Brattain will discuss the progress he has made since his original sentencing and emphasize certain vital factors from his original sentencing.

Recap of the § 3553(a) Factors

1(a). The Nature and Circumstances of the Offense

Over a period of years, Mr. Brattain molested one of his three young children. There is no evidence that Mr. Brattain molested either of his other two children or that he ever acted in a sexually inappropriate manner toward any other child or person. By the time Mr. Brattain is released from prison in this case, his daughter will be an adult.

1(b). The History and Characteristics of the Defendant

Mr. Brattain is now 33 years old. Prior to this conviction, he had no criminal history. As detailed in his original sentencing memorandum, he grew up participating in Boy Scout activities and band. After graduation from high school, he joined the military. He reached the rank of Staff Sargent, E-5, and did a tour of duty in Saudi Arabia. He has sought to further his education and

3

earned good grades in the classes he has taken. He has continued to further his education while incarcerated, taking a variety of classes. Certificates he has earned for his work are attached to this memorandum.

As discussed in Mr. Brattain's initial Sentencing Memorandum, he has struggled socially. He was often "picked on" and labeled. Finances were a stressor for the Brattain family, as were Mr. Brattain's in-laws, who lived with the family for some time. Mr. Brattain and his ex-wife struggled to communicate. These, and a number of other, stressors pressed the family during the period of Mr. Brattain's offense.

Mr. Brattain has expressed his remorse for the current offense. He expressed his remorse before this Court at the initial sentencing hearing, and continues to express it now. Mr. Brattain has made payments toward his restitution obligation of $5,000. Attached to this memorandum are Program Review Reports from November 2007 and June 2008 showing his restitution payments. He has been assigned to work in an Electronic Shop and has been rated as a "good" worker. Documents attached to this memorandum show this assignment and rating. Mr. Brattain has maintained "clear conduct," as listed on his June 2008 Program Review Report attached to this memorandum. These documents taken together show that Mr. Brattain has adjusted to his incarceration and is putting his time to good use, working and paying his restitution obligation.

      2.    <u>Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense</u>

The Sixth Circuit closed its opinion in this case with a supportive reminder to this Court that the Guidelines are advisory and that the Court's prior sentence represented a correct and well reasoned application of the § 3553(a) factors. *Brattain*, 539 F.3d at 448–49. The Circuit expressed

its hope that the Court will repeat this reasoning on remand. *Id*. at 449. This section of the opinion clarifies that this Court's prior sentence properly weighed the § 3553(a) factors. Mr. Brattain's is a serious offense and this Court's original sentence adequately reflected this seriousness and the gravity of the consequences of such offenses.

> 3 & 4. <u>Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct and Need to Protect the Public from Further Crimes of the Defendant</u>

The Circuit's closing section of its opinion applies equally to each of the § 3553(a) factors. Mr. Brattain's age upon release, the fact that his only victim was his own child and she will be an adult when he is released, and the impact of this conviction as a whole on Mr. Brattain will be adequate deterrence for Mr. Brattain.

As explained in Mr. Brattain's initial Sentencing Memorandum, sex offenders generally pose a lower risk of recidivism and sex offenders who commit incest pose a particularly low risk. As discussed above, Mr. Brattain has never engaged in inappropriate behavior with any children other than K.B. It is very unlikely that Mr. Brattain will pose a risk to society upon his release.

> 5. <u>Need for the Sentence to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner</u>

As demonstrated by the reports attached to this memorandum, Mr. Brattain is making good use of his time while incarcerated. He is working, studying, and paying restitution. The Court's original sentence provided adequately for Mr. Brattain's educational and vocational needs.

> 6. <u>The Advisory Sentencing Range Calculated Under the Federal Sentencing Guidelines</u>

Mr. Brattain's final offense level is 38 if the 5-level enhancement under Section 4B1.5(b)(1) is applied. Mr. Brattain's criminal history category is I. These calculations result in a sentencing range of 235 to 293 months. This Court's original sentence was for 144 months of custody.

7. <u>The Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct</u>

Disparity is not an issue in this resentencing.

8. <u>The Need to Provide Restitution to Victims of the Offense</u>

Mr. Brattain is currently paying restitution. The Court's original order was for $5,000.

<u>CONCLUSION</u>

Defendant Christopher Brattain respectfully requests that the Court impose a sentence sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing discussed above.

Respectfully submitted,

/s/ Ray Kent
Federal Public Defender
The Trade Center
50 Louis NW, Suite 500
Grand Rapids, Michigan 49503
Dated: November 17, 2008                    (616) 742-7420

6